Frank Composto, J.
This is an action on a retail installment contract by Imperial Discount Corporation, an alleged purchaser for value of said contract. After a hearing held on this inquest, the plaintiff’s complaint is dismissed.
Despite the fact that there is no appearance on behalf of the defendant, the court deems itself duty-bound to require of the plaintiff that minimum measure ■ of proof to sustain its cause of action. While the court will sustain a recovery to which a plaintiff is justly and fairly entitled, it will not grant judgment where, as here, plaintiff has failed to prove to the satisfaction of the court that it met the statutory prerequisites.
The defendant, owner of a 1955 Oldsmobile, purchased a Delco battery on credit from a retail auto store for $29.30. In order to be permitted to pay by weekly installments, he agreed to a “ credit service charge of $5.70.” He thus started his journey into the cavernous depths of indebtedness with his 1955 Oldsmobile, a new Delco battery and a' debt of $35, attested to by his signature on the aforesaid retail installment contract with its inevitable fine print and legalistic verbiage.
He failed to make due and timely weekly payments, and there came a time when a summons and verified complaint of eight paragraphs was served upon him in this case. All of the allegations or charges hereinafter mentioned are made, according to the verified complaint, “ pursuant to the terms of the said chattel mortgage and retail installment contract.”
Paragraph third of the complaint relates to the purchase by defendant “ of certain goods, wares, and merchandise [the battery], at the agreed and stated price of $35.00, no part of which has been paid, excepting the sum of $23.25, leaving a balance due and owing of $11.75. ’ ’
Paragraph fourth alleges the defendant owes late charges of 25 cents.
Paragraph fifth alleges defendant owes plaintiff’s attorney fees of $16.80.
*189 Paragraph sixth alleges the defendant owes plaintiff repossessing charges of $45. The retail installment contract had a provision that ‘ ‘ The buyer hereby mortgages the motor vehicle hereinafter described as additional security for the payment of the time balance set forth above, together with any other motor vehicle hereinafter acquired in replacement thereof.” Plaintiff caused the defendant’s automobile to be repossessed, and as alleged in paragraph seventh, the repossessed automobile was sold at public auction, and the defendant owes auctioneer’s fees of $35 and storage charges of $70, based on a charge of $2.50 per day for 28 days.
Paragraph eighth is the only paragraph in which the defendant may find a modicum of comfort. It does not allege he owes for any item of damage — in fact, he is given credit for $50, the amount for which his repossessed automobile was sold. Then follows the allegation “ That pursuant to the said chattel mortgage and installment contract, there is presently due the total of $128.80.”
When the defendant’s journey, which started with an indebtedness of $35, of which $23.25 had been paid, leaving a balance of $11.75, reached its unsought destination in this court, the defendant was sans his battery, sans his automobile, and confronted with a demand for “ judgment for $128.80, together with interest, costs, and disbursements of this action.” The futility of trying to free himself of the engulfing accumulation of charges must have so overwhelmed the defendant, that he failed to answer the summons and complaint, and thus this inquest.
The defendant must now have realized the import of the despairing observation that “ For want of a n'ail, a shoe was lost; for want of a shoe, a horse was lost; for want of a horse, a kingdom was lost.” For want of $11.75, this defendant lost the battery, lost his 1955 Oldsmobile, and is subject to a judgment for $128.80.
The proof offered by plaintiff fails to satisfy the court that it complied with all the prerequisites of the applicable law; but transcending questions of proof, the conscience of the court is shocked by the mountainous pyramiding of charges imposed on a defaulting installment buyer, which are seemingly sanctioned by the Retail Instalment Sales Act (Personal Property Law, § 401 et seq.). Apparently this is not an isolated case. The court is of the opinion that the Legislature never contemplated such oppressive, confiscatory, and unconscionable results. If this is an example of the practical working of the aforesaid law, then clearly the need for remedial legislation is manifest.
Judgment on inquest denied. Complaint dismissed.